IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EMILY BRODY** | § | |
| *Plaintiff* | § | |
| | § | C.A. NO._____ |
| VS. | § | |
| | § | |
| **NEUTRON HOLDINGS, INC., and UBER** | § | |
| **TECHNOLOGIES, INC.,** | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant UBER TECHNOLOGIES, INC. ("Defendant") files this Notice of Removal, and respectfully shows as follows.

**A.    Procedural Background**

1. Defendant is a party to an action commenced against it by Plaintiff Emily Brody styled as: Cause No. D-1-GN-21-007241; *Emily Brody v. Neutron Holdings, Inc. and Uber Technologies, Inc.*; In the 353rd Judicial District Court of Travis County, Texas (the "State Action"). True copies of the docket sheet and all process, pleadings and orders served on Defendant in the State Action are contained in the Index of Documents filed contemporaneously with this Notice.

2. Defendant was served with Plaintiff's Original Petition in the State Action (the "Petition") on December 20, 2020. *See Returned Citation.* Thus, this Notice of Removal is timely filed.

**B.    Diversity Jurisdiction — Plaintiff is Diverse from Defendant**

3. Removal is proper as there is complete diversity between the proper parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a).

4. Plaintiff is now, and was at the time the State Action was filed, a citizen and resident of Grafton County, New Hampshire. *See* Petition, Section 2.01.

5. Defendant now, and was at the time the State Action was filed, a Delaware corporation with its principal place of business in San Francisco, California.

6. Defendant Neutron Holdings, Inc. now, and was at the time the State Action was filed, a Delaware corporation with its principal place of business in Fremont, California.

**C.     Diversity Jurisdiction — Amount in Controversy**

7. The facts alleged in the Petition demonstrate that Plaintiff's claim exceeds $75,000.00. Specifically, Plaintiff seeks "in excess of $250,000.00 but not more than $1,000,000.00." *See* Petition, Section 4.01.

8. The Fifth Circuit has instructed trial courts to accept diversity jurisdiction unless it appears "<u>to a legal certainty</u> that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995) (emphasis added, citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Where, as here, a case is one that has been removed from state court, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00 or (2) by setting forth the facts in controversy, preferably in the removal petition … that support a finding of the requisite amount." *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). Because Plaintiff expressly states her claim for damages exceeds the jurisdictional amount, this Court may exercise diversity jurisdiction over this case

9. Accordingly, this matter may properly be removed by Defendant to the United States District Court for the Western District of Texas — Austin Division.

**D.     Removal is Timely.**

10. Defendant was served with process on December 20, 2021. *See Returned Citation.* Accordingly, removal is timely as it is being filed within thirty (30) days of the date that Defendant was served with process in this matter.

11. All fees required by law in connection with this notice have been paid by Defendant at the time of filing.

**E.     Notice Given**

12. Notice of this Removal is provided by Defendant to Plaintiff and to the 345th Judicial District Court of Travis County, Texas.

**F.     Consent of Defendant Neutron Holdings, Inc.**

13. Defendant Neutron Holdings, Inc. has consented to this removal.

Accordingly, Defendant UBER TECHNOLOGIES, INC. requests that this action be removed to the United States District Court for the Western District of Texas —Austin Division from the 353rd Judicial District Court of Travis County, Texas.

                                                      Respectfully submitted,

                                                      **WILSON, ELSER, MOSKOWITZ,**
                                                      **EDELMAN & DICKER, L.L.P.**

                          By:   */s/ Claire W. Parsons*
                                   Claire W. Parsons
                                   State Bar No.: 24051159
                                   909 Fannin Street, Suite 3300
                                   Houston, Texas  77010
                                   Telephone:  713-353-2000
                                   Facsimile:   713-785-7780
                                   Claire.Parsons@wilsonelser.com

**ATTORNEY FOR DEFENDANT**
**UBER TECHNOLOGIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was electronically served on all counsel of record on January 19, 2022 as follows:

Hayden Hatch
LAW OFFICE OF JOEL A. LEVINE, PLLC
1515 W. Koenig Lane, Suite 100
Austin, TX 78756
Telephone: (512) 982-1510
Facsimile: (512) 367-5928
*Attorney for Plaintiff*

David Chamberlain
dchamberlain@chmc-law.com
Melissa Carr
mcarr@chmc-law.com
CHAMBERLAIN MCHANEY
901 S. MoPac Expressway
Bldg. I, Suite 500
Austin, Texas 78746
Telephone: (512) 474-9124
Facsimile: (512) 474-8582
*Attorneys for Defendant Neutron Holdings, Inc.*

*/s/ Claire W. Parsons*
Claire W. Parsons